234] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]

■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Defendants, and ALFRED J. BAX et al., Respondents. (Appeal No. 2.) [709 NYS2d 459] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]

■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Respondents, et al., Defendants. (Appeal No. 3.) [707 NYS2d 564] —Amended judgment unanimously affirmed without costs. Memorandum: In this medical malpractice action, Supreme Court's reference to foreseeability in the jury charge does not constitute reversible error (*see, Garcea v Kiman*, 224 AD2d 190). Although the court's initial general instruction on negligence included a reference to foreseeability, that reference did not affect the court's subsequent clear instructions concerning the duty that defendant surgeons and anesthesiologists owed plaintiff's decedent, as determined by the physician-patient relationship (*see, Barracca v St. Francis Hosp.*, 237 AD2d 396). The court's instruction on the malpractice standard was in all respects proper (*see, Garcea v Kiman, supra*; PJI 2:150).

The court properly denied plaintiff's motion to strike the testimony of defendants' expert witness as speculative. "[C]onsidering the totality of [the] testimony of [defendants' expert witness] rather than focusing narrowly on single answers," we conclude that the expert's testimony conveyed an assurance that it was not based on either supposition or speculation (*Matott v Ward*, 48 NY2d 455, 462-463; *see, John v City of New York*, 235 AD2d 210).

Although the court erred in precluding plaintiff from reading portions of the deposition testimony of a defendant physician with respect to the length of time that elapsed before another defendant surgeon attempted to create a surgical airway for plaintiff's decedent, the error is harmless in view of the speculative and uncertain nature of the deposition testimony.